This morning is Huynh v. Shinseki. Mr. Piersch. Thank you, Your Honor. Esteemed judges, this is Perry Piersch with the Berry Law Firm, representing Arnold C. Kine. I'd like to reserve five minutes. How do you say that? Kine. Kine. Thank you. I'd like to reserve five minutes for rebuttal. Sure. The issues before the court today are whether the Veterans Court has jurisdiction to decide a case on evidence not included in the record of proceedings before the Secretary and Board of Appeals, but created for and considered in the first instance by the Veterans Court as a fact finder. Was this evidence where the court found facts, or was this just an indication of an established procedure that the court had, and not a determination whether he received notice? Well, the information that the court received begins on the joint appendix at page 80 and goes through 172. This material was not just excerpts from VA procedure manuals or other material that the court could take judicial notice, but also facts outside the record of proceedings specifically directed to and unfairly prejudicial to Mr. Kine. It was in affidavit form, wasn't it? There were two affidavits. Additionally, there was a newly generated exam notice letter that was admitted by the Secretary not to be the same letter sent Kine, but for demonstrative purposes to show the type of letter that Kine might receive. Even if he had not received notice, hadn't he been made aware of the examination and given an opportunity to present further information, and he said he didn't have further information to report? So why are we doing all this wheel-spinning on procedure when he raised it at the last minute at the Court of Veterans' Appeals level, and he'd previously been given an opportunity to present information? Sure. To address that concern, Your Honor, I would remind the court Mr. Kine is a World War II veteran. He was an infantryman. He had been service-connected. That's not the point, is it? Well, it is the point insofar as there were several layers to the proceedings. Now, Mr. Kine, at one point prior to the decision by the board, submitted that he did not have further evidence to submit. Mr. Kine, before the Court of Appeals for veterans claims, claimed that he did not get factual notice of the letter, and that was the reason for the appeal, that he did not receive an adequate examination, part of the duty to assist. The response by the court to the secretary of the VA was to ask them to produce a letter that was not in the record of the proceedings, and the secretary of the VA did not produce… It was to manufacture a letter, was it not? What's that? In effect, it was to manufacture a letter. Well, what the VA did was manufacture a letter. The court's request to the VA was simply to provide a copy of the actual letter sent to Kine to put him on notice of the VA exam. What the VA did is they took that liberty and they created a new letter, they created affidavits, they created material to essentially convince the court that this would have been the type of material that would have been received by a veteran so that the presumption of regularity could apply. But it was extraneous material created after the record of proceedings specifically to influence the court. And I think a case very illustrative of this point is Bonham v. Nicholson, 21 vet affid 42, which noted the court lacks the ability to consider evidence created after the board has rendered its decision. Now, the court stated the board's decision represents… Does it apply equally when the veteran raises the issue after the board's opinion? As Judge Lurie pointed out, this is an instance where the veteran is creating an issue at the last minute. And of course, if we send it back, then we get criticized for putting veterans on this hamster wheel of perpetual remands. Yet in this case, the veteran himself is causing the remand, if it's a remand. I don't feel it's fair to characterize the veteran as having caused the issue. The veteran simply notified counsel at the time of the court of appeals. Now, when does the issue of notice arise? I think you just told me it arose at the court of appeals. At the court of appeals, counsel for Mr. Kine was notified that he did not receive a copy of the letter. You are making the point that, well, you ought to remand on anything that happens after the board opinion. But is that true of an issue that's raised by the veteran for the first time on appeal? Well, I think you need to remand any time the court has exceeded its jurisdiction. And I think that it would have been perfectly fair for the court of appeals for veterans claims perhaps to decide against the claimant on the presumption of regularity. It would have been perfectly fair for the court of appeals for veterans claims to receive a copy of the letter that was sent to the veteran, putting him on notice. But it is a violation of the court's jurisdiction when it begins to consider extraneous material for the purposes of deciding a claim. It seems to me we're torturing this poor veteran, saying you've got a case because when we get way down in the weeds procedurally, there was possibly, possibly some little flaw. So we're going to keep you going here, even though you said earlier there wasn't any more information that I had to provide. That doesn't sound like justice to me. I'm not sure that I understand the precise question behind that statement, Your Honor. It wasn't a question. It was just a reaction to the arguments you're making. On the underlying merits, how old is the veteran? He's a World War II veteran, approximately late 70s, early 80s, Your Honor. He must have been very young then when he was in the military. And he has tinnitus? Yes, sir. Tinnitus, sometimes pronounced tinnitus. And oftentimes it's not uncommon for the veterans to, when asked if they have tinnitus, not understand what it is. Or when asked if they have tinnitus, not understand what it is, which I think led to some of the confusion in this case. But both parties agree that a copy of the letter providing notice of the exam was not included in the record of proceedings. And furthermore, the... Tinnitus is age-related, right? No, and it can be the result of acoustic or concussive trauma like the kind that he was exposed to as a World War II veteran. I can understand what it is. But I would also like to note the court, in its August 2014 order, noted the board failed to provide reasons and bases what documents it reviewed to reach its conclusion that the record showed that notification was mailed. And so I think there was clear error in the reasons and bases going all the way back to the board. And so I don't think this is an exercise in futility to give Mr. Kine a remand for the purposes of correcting the court going outside of its jurisdiction. I would also note Justices Hagel... Did this court affirm on the basis of Mr. Kine signing the form attached to the letter that documented the failure to show for that exam?  Well, he signs the form. There's a letter that explains that he didn't show for the exam. And he says he doesn't have any other issues and signs that form. Isn't he acknowledging that he didn't show for the exam at that point? I believe that form is in the joint appendix, Your Honor. And I don't believe at the time he was acknowledging or he was not intentionally acknowledging that he did not need an exam. Rather, I believe... He didn't raise notice at that point, did he? Well, he did not, no. Not at that point. And yet he signed this letter acknowledging that he didn't show without saying, well, I didn't have notice. That is correct. I would also note, however, he had prior to that point also gone and had a favorable tinnitus nexus examination. Which he believed was in the record. Which is, in fact, in the record. The doctor says something like, it might be, right? There might be a connection? Right. Which is hardly a solid statement of there is a nexus, right? Well, the letter speaks for itself. If you'd like to save your rebuttal time. Yes, Your Honor. Thank you. Is that the issue? Or is it whether the government can manufacture evidence after the fact? Isn't that what the government did? The letter that purported... It wasn't fraud, but it purported to be what the notice would have looked like if they actually had one, but they didn't. Yes, and they acknowledged they didn't have the letter. And they also, the Veterans Court didn't rely upon the letter itself in making its determination whether the presumption of regularity applies. So ultimately, while one can criticize the creation of the letter, it's not something the Veterans Court actually relied upon. Veterans Court, we will acknowledge, of course, relied upon the declarations. But those declarations went to questions of general applicability, dealing with agency procedures, simple ministerial matters. That are typical in what you would look at with regards to the presumption of regularity. Kind of following up on the same thing that Judge Wallach mentions, isn't the Veterans Court limited to the record below? Isn't that the statutory language, record below? Generally, they can't make findings of fact with regards to findings that were before the board or the Court of Veterans Appeals. But in this case, this issue wasn't raised before the board or the Court of Veterans Appeals. So if there's an issue raised for the first time and you don't have enough record facts to resolve it, don't you have to remand? In certain cases, yes, you would have to. I mean, if it goes to the merits, there's no question because that is committed to the discretion of the secretary in the first instance. The Veterans Court definitely couldn't make a finding on that issue. But again, this is a much more limited question that it was looking at. It's more akin to any number of cases in which the Veterans Court would be making some initial fact findings, such as when it's looking at the first questions of prejudicial error. In that case, the Veterans Court is engaged in a degree of fact finding, but it's not something that was committed to the discretion of the administrator in the first instance. So we would agree that there are many cases, I would say the vast majority of cases, where the Veterans Court should not be looking at evidence in the first instance and should be remanding. We would say in this case, however, that it's not one of those instances. Here today, there were a couple of issues raised that I wanted to at least briefly also address with the court before moving on. The first was the claimant cites to a case known as Bond case before the Court of Veterans Claim. That case is very distinguishable from the present case because in that case, the issue was whether there was new and material evidence relevant to the merits of the petitioner's claim in that case. And that is extremely distinct to the question of whether the assumption of regularity attaches in the first instance. They also talk about the order to supplement. And the order to supplement, which is found at 217, 218 in the record, the government is not ordered to produce necessarily a letter that's in the record. The Veterans Court simply notes that there is no letter in the record. If there is a letter, in other words, if it had been inadvertently admitted, please present it to us or tell us why there's not a problem with the letter effectively not being in the record. There is some confusion in that decision, and I think part of that request is born of the fact that the Veterans Court describes the examination as occurring in 2007, when the only relevance of record talks about a 2006 examination. But that, the government clarified in its response, noting that the examination was indeed 2006. There is no 2007 examination. With regards to... Why on earth didn't your client just rely on the law, on presumptions rather than... It bothers me in any administrative matter, when the record is effectively reopened without going through the analysis that's necessary to reopen a record, which is very limited at the appellate level. I would agree you could rely upon the law, that the presumption of regularity is enough, that it would attach whether or not there was a letter, whether or not there was a declaration. What happened here was the VA went above and beyond, perhaps to its detriment. I wouldn't have a problem with what they did if they hadn't done what they did. Yes, and I understand. We wouldn't be here today if they had simply said presumption of regularity. But they were responding to the Veterans Court as fully and thoroughly as possible. The Veterans Court itself can determine what it looks at and what it doesn't look at. I think in this instance, the property did look at the declarations and it did limit their use. They can do it within the limits of administrative law. If we're talking about in terms of administrative law, in other words, the APA standards, under the APA standards, a court can supplement a record when it's necessary for meaningful judicial review. In limited circumstances. In limited circumstances, and we agree that this is a limited circumstance. You cannot create a new record wholesale on the merits. We agree, absolutely. There's no allegation of fraud or anything like that, is there? No, no. I mean, on the part of the VAT? No, but there's a question of the presumption of regularity, whether that presumption attaches. And in this case, in this court's case, in Pressio Construzione, in which they talk about the fraud exception to allowing you to supplement the record, the court specifically leaves the presumption of regularity open as a possible area of supplementation. Now, the court's decision doesn't say one way whether or not that would be an acceptable circumstance to supplement the record. In any event, for those reasons, the reasons set forth in our briefs, we respectfully request that the court affirm the decision of the Court of Appeals for Veterans Claims. Thank you very much. Thank you, Mr. Maker. Mr. Pierce, you have four and a half minutes. Thank you, Your Honor. I'll be brief. I note that upon Mr. Kine's request for a reconsideration en banc, the Veterans Court denied the request. However, both Chief Judge Casehold and Distinguished Judge Hagel dissented. They specifically found the new material was the basis for the panel's determination that the board did not err in finding Mr. Kine had been notified of his scheduled VA examination. This is at Joint Appendix 200. Furthermore, in their dissent, the judges noted the court lacks jurisdiction to obtain and consider evidence not in the record of proceedings, citing to 38 U.S.C. 7252B. Review in the court shall be on the record of proceedings before the secretary and the board. Finally, they also noted when fact- What weight should we give to a dissent? In this particular case, great weight, Your Honor. I guess that a dissent is not a holding by a lower tribunal. No, I appreciate that, Your Honor. They're just saying it was a close case, and you ought to listen. It's not that simple. Yes, Your Honor. They also noted when fact-finding was necessary, the court has always remanded to the VA regional offices for consideration. So with that, I thank the court for its time. Okay, thank you, Mr. Pierce. Our next case this morning is-